SLR:EB:CSK
F#2004R00759
MaGuirePOF.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

JOHN TIMOTHY MAGUIRE,

        Defendant.

- - - - - - - - - - - - - - - -X

PRELIMINARY ORDER
OF FORFEITURE

04 CR 356 (CBA)

WHEREAS, on March 27, 2006, the defendant JOHN TIMOTHY MAGUIRE pled guilty to a Superseding Information charging the Defendant with a violation of 18 U.S.C. § 1956(h), and the Government sought criminal forfeiture of all property involved in and traceable to the conspiracy to commit a violation of 18 U.S.C. § 1956 or in the alternative, substitute assets of the Defendant pursuant to 18 U.S.C. § 982, and 21 U.S.C. 853(p); and

WHEREAS, Defendant has agreed to the entry of an Order of Forfeiture against him in the amount of One Hundred and Ten Thousand Dollar and No Cents in United States currency ($110,000.00), which sum of money constitutes property involved in or traceable to the conspiracy to commit a violation a 1956 and/or substitute property; and

WHEREAS, by virtue of the Defendant having pled guilty to the Superceding Information and waived all his constitutional, legal and equitable defenses and rights to the forfeiture

allegations of the Indictment, the United States is now entitled to the money judgment amount of $110,000.00 pursuant to 18 U.S.C. § 982 and Fed. R. Crim. P. 32.2.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows, on consent of all parties, as follows:

1. The Defendant JOHN TIMOTHY MAGUIRE consents to the entry of a forfeiture money judgment against him in favor of the United States in the amount of $110,000.00 (the "Forfeiture Money Judgment") which sum represents property involved in the violation of 18 U.S.C. § 1956(h), and pursuant to 18 U.S.C. § 982, as property involved in or traceable to such property obtained directly or indirectly as a result of such offense.

2. Based upon the guilty plea which has been accepted by this Court, and in accordance with the Defendant's plea agreement, the Defendant shall pay the Forfeiture Money Judgment on or before the date of sentencing.

3. The Defendant agrees not to assert any claim, contest or assist any person to contest the Government's collection of the Forfeiture Money Judgment or substitute property in any administrative or judicial proceeding. The Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets, and waives his right to any required notice concerning the forfeiture of assets, and waives all constitutional, legal and equitable defenses to the entry and

collection of the Forfeiture Money Judgment including but not limited to, double jeopardy, any applicable statute of limitation, and any defense under the Ex Post Facto or Excessive Fines Clauses of the United States Constitution. The Defendant also agrees that the forfeiture of the Forfeiture Money Judgment shall not constitute a fine, restitution, or a payment on any income taxes that may be due.

4. In accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(n)(1), the United States Marshals Service shall publish notice of this Order and of the intent to dispose of the forfeitable property in such a manner as the United States Marshals Service may direct. Such notice shall be published in accordance with the custom and practice in this district, in a newspaper of general circulation, and shall provide notice that any person, other than the Defendant, having or claiming a legal interest in the property must file a petition with the Court within thirty (30) days of the final publication of notice or receipt of actual notice, whichever is earlier. Any notice filed by any petitioner must state the validity of petitioner's alleged interest in the property, must be signed by petitioner under penalty of perjury, and must set forth the nature and extent of petitioner's right, title and interest in the property, and any additional facts supporting such petition.

5. The United States may, to the extent practicable,

provide direct written notice to any person known or alleged to have an interest in the property subject to this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

6. Following the disposition of all petitions filed, or if no such petitions are filed within the applicable period, the United States shall have clear title to the properties described above.

7. In accordance with Fed. R. Crim. P. 32.2(c)(1)(B), the Government is hereby authorized to conduct discovery necessary to help identify, locate or dispose of property, and to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and the rights of any third parties.

8. The United States Marshals Service and its duly authorized agents and/or contractors are hereby authorized and directed to dispose of all payments made toward the Forfeiture Money Judgment in accordance with all law and regulations.

9. This Preliminary Order shall be final and binding only upon the Court's "so ordering" of the order.

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

11. The Clerk of the Court is directed to send, by

inter-office mail, three certified copies of this Preliminary Order of Forfeiture to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       March 29, 2006

/s/ Hon. Carol B. Amon
HONORABLE CAROL B. AMON
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK